IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA FELICIA BRADEN,<br><br>    Plaintiff,<br><br>  v.<br><br>BH FINANCIAL SERVICES, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 13-02287 CRB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**SPECIAL MOTION TO STRIKE** |

    Following the voluntary dismissal of Defendants' state court collection action against her, Plaintiff Sonja Felicia Braden brings a malicious prosecution claim against Defendants, as well as claims under the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California Finance Lender Law. See generally Compl. (dkt. 1). Defendants move to strike Braden's malicious prosecution and RFDCPA claims pursuant to California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16, which permits early dismissal of meritless claims filed to interfere with defendants' constitutional rights of petition and freedom of speech. See generally Mot. Strike (dkt. 23). In addition to opposing the motion, Braden moves for a "sufficient opportunity to conduct discovery or otherwise obtain and present facts essential to justify her opposition" under Federal Rule of Civil Procedure 56(d). Mot. Disc. at 2 (dkt. 33). Upon

consideration of the motions and the oppositions thereto, the Court GRANTS Defendants' motion to strike and DENIES Braden's motion for discovery.[1]

## I. BACKGROUND

This case stems from a $5,075 loan Braden obtained from a non-party entity called CashCall, Inc. After Braden stopped making payments on her loan, CashCall sold the debt at a loss to defendant Mountain Lion Acquisitions. Braden alleges that defendant Dennis Carruthers, an employee at Mountain Lion, personally selected Braden's debt for purchase by Mountain Lion, and ultimately selected the debt for resale to defendant BH Financial Services, Inc. Braden alleges that defendant Steven Goldstein, an employee at BH Financial, personally selected Braden's debt for purchase by BH Financial. After purchasing the debt, BH Financial filed a state court collection action against Braden. BH Financial was represented in the collection action by defendants Kenneth John Miele and the Law Office of Kenosian & Miele, LLP.[2] Four days before trial, BH Financial unilaterally dismissed the state court action against Braden without prejudice. Compl. ¶ 57.

In the motion before the Court, Defendants move to strike Braden's RFDCPA and malicious prosecution claims from the Complaint, arguing that this is a "SLAPP" suit—a Strategic Lawsuit Against Public Participation—and these two claims arise out of Defendants' protected activity of filing suit against Braden. See Cal. Code Civ. P. § 425.16(b)(1). Braden argues that Defendants' motion should be denied for two reasons: (1) the anti-SLAPP statute does not apply in federal court; and (2) Braden has a reasonable probability of prevailing on her RFDCPA and malicious prosecution claims. Braden's arguments are not persuasive.

---

[1] The Court recently ruled on a related motion involving substantially similar facts and legal claims. See Le v. Sunlan Corporation, et al., No. C 13–00707 CRB, 2013 WL 5701393 (N.D. Cal. Oct. 18, 2013) (dkt. 50). The Court's ruling in Le informs the Court's order here.

[2] The Court refers to Mountain Lion, Mountain Lion employee Dennis Carruthers, BH Financial, BH Financial employee Steven Goldstein, Kenneth John Miele, and the Law Office of Kenosian & Miele, LLP collectively as "Defendants."

2

## II. LEGAL STANDARD

California's anti-SLAPP statute "is designed to discourage suits that 'masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so.'" In re NCAA Student-Athlete Name & Likeness Licensing Litig., 724 F.3d 1268, 1272 (9th Cir. 2013) ("NCAA Student-Athlete Litig.") (quoting Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003). The anti-SLAPP statute sets forth a procedure by which defendants can move to strike SLAPP claims:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. P. § 425.16(b)(1).

When deciding a motion to strike pursuant to the anti-SLAPP statute, the court engages in a two-step analysis. First, "defendant bears the burden to show that the statute applies because the lawsuit arises from defendant's act in furtherance of its right of petition or free speech." Doe v. Gangland Prods., Inc., No. 11-56325, — F.3d —, 2013 WL 5066826 (9th Cir. Sept. 16, 2013) (citing Marijanovic v. Gray, York & Duffy, 137 Cal. App. 4th 1262, 1270 (2006)).[3]

If the defendant makes that showing, the court then considers whether the plaintiff has demonstrated "a reasonable probability" of prevailing on the merits of her claims. NCAA Student-Athlete Litig., 724 F.3d at 1273 (quoting Batzel, 333 F.3d at 1024). The Ninth

---

[3] Such acts include:

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

§ 425.16(e); see also Greater LA Agency on Deafness v. Cable News Network, Inc., 862 F. Supp. 2d 1021, 1024-25 (N.D. Cal. 2012).

3

Circuit has characterized the standard to withstand an anti-SLAPP motion as "a low bar": "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Roberts v. McAfee, Inc., 660 F.3d 1156, 1163 (9th Cir. 2011) (quoting Manufactured Home Cmties., Inc. v. Cnty. of San Diego, 655 F.3d 1171, 1176–77 (9th Cir. 2011)). Although "the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." Id.

## III. DISCUSSION

### A. Defendants' Motion Is Appropriately Made In This Court

Braden argues that California's anti-SLAPP statute does not apply in federal courts, and therefore, Defendants' motion should be denied. However, the Ninth Circuit has "long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction." Hilton v. Hallmark Cards, 599 F.3d 894, 900 n.2 (9th Cir. 2010) (citing United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970-73 (9th Cir. 1999)); see also NCAA Student-Athlete Litig., 724 F.3d at 1272 (citing Thomas v. Fry's Elecs., Inc., 400 F.3d 1206 (9th Cir. 2005) (per curiam)). The law is well settled on this matter, and Defendants' motion is appropriately before this Court.

### B. Braden Does Not Have A Probability Of Prevailing On These Claims

Braden does not dispute that Defendants engaged in protected activity by filing the state court collection action against her. Accordingly, the Court proceeds to the second step of the anti-SLAPP analysis to consider whether there is a reasonable probability that Braden will prevail on the two claims Defendants move to strike. The Court finds that there is not.

#### 1. RFDCPA Claim

Braden alleges that Defendants violated the RFDCPA by filing a suit to collect a debt they knew to be unenforceable. In Braden's view, the debt was unenforceable because (1)

4

CashCall violated California Financial Code § 22340(a)[4] by selling the debt to Mountain Lion, and (2) this willful violation of § 22340(a) rendered the loan void under § 22750(b)[5] and therefore uncollectible by Mountain Lion or any subsequent transferee. Opp'n at 15-16. Braden alleges that, because Defendants attempted to collect a void and uncollectible loan, their conduct contravened the RFDCPA, Cal. Civ. Code § 1788 et seq.[6] Opp'n at 18-19.

Defendants argue that § 22340 is unrelated to the conduct at issue. Instead, they contend that § 22340 applies only to loans secured by real estate and does not restrict any conduct. Mot. Strike at 7-8. Under Defendants' interpretation, § 22340 permits finance companies without real estate broker licenses to sell real estate backed loans to institutional investors. Id. at 8. As is set forth in the legislative history, § 22340 was passed specifically to clarify that this conduct was permitted–not to limit any other transactions.[7]

---

[4] Section 22340(a) provides that

> A licensee may sell promissory notes evidencing the obligation to repay loans made by the licensee pursuant to this division or evidencing the obligation to repay loans purchased from and made by another licensee pursuant to this division to institutional investors, and may make agreements with institutional investors for the collection of payments or the performance of services with respect to those notes.

Cal. Fin. Code § 22340.

[5] Section 22750(b) provides that

> If any provision of this division is willfully violated in the making or collection of a loan, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction.

Cal. Fin. Code § 22750.

[6] Plaintiff sets forth eight alleged violations of the RFDCPA. See Complaint ¶ 80. In sum, Plaintiff claims that Defendants made misrepresentations in attempting to collect Plaintiff's debt and were aware that the debt could not lawfully be collected.

[7] For example, the sponsor of the bill that ultimately became § 23400 explained to then-Governor Deukmejian that "[i]n accordance with the finance companies' exemption from the Real Estate Law, this authority eliminates the possibility that they could be required to be licensed and regulated as real estate brokers when selling or servicing real estate loans they have made." Letter from Assembly Calderon to Governor Deukmejian, dated July 2, 1985 (dkt. 28-6); see also Dep't of Corps. Enrolled Bill Rpt., July 19, 1995 (dkt. 28-7) ("AB 1293 will remove the unnecessary and burdensome requirement on a licensed California Finance Lender of obtaining a real estate brokers license under the

5

The Court agrees that § 22340 merely gave licensees under the Financial Lender Law express authority to sell real-estate secured loans without being licensed real estate brokers. In addition to the legislative history of § 22340, cited extensively by Defendants, a provision of the California Code of Regulations appears to indicate quite clearly that § 22340 applies only to real-estate secured loans. See 10 Cal. Code Regs. tit. 10, § 1460. Section 1460 titled, "Real Estate Secured Loans: Sale to Institutional Investors," provides, in relevant part: "Loans made by a finance company under Financial Code sections 22340 and 22600 shall meet all of the following requirements: . . . (b) The finance company shall be the lender or creditor on the promissory note and the beneficiary on the deed of trust securing the loan. . . ." Id. (emphasis added). Both the regulation's title and its description of a § 22340 loan being secured by a deed of trust lend additional support for the proposition that § 22340 applies strictly to real estate backed loans.

Beyond Braden's strained interpretation of § 22340 suggesting that it applies to Defendants, Braden offers no authority that Defendants' alleged violation supports an RFDCPA claim. Even if that section prohibits any conduct—an interpretation that is not supported by the plain language—it simply does not apply to Braden's loan, which was not backed by real estate. Because Braden's RFDCPA claim hinges on Defendants' violation of § 23400, she cannot demonstrate a reasonable probability of prevailing.

### 2. Malicious Prosecution

To establish a malicious prosecution claim, Braden must show that Defendants' state court collection action "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." Kaufman v. Capital Quest, Inc., No. C-11-1301 JCS, 2011 WL 5864159 (N.D. Cal. Nov. 22, 2011) (quoting Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 292 (2006)). Regardless of the opportunity for additional

---

Real Estate Law solely for the purpose of transferring loans secured by real property in order to sell asset-backed securities.").

6

discovery, it is clear that probable cause existed for Defendants' state court collection action against Braden. Because Braden cannot establish a reasonable probability that Defendants brought the collection action without probable cause, she cannot establish a reasonable probability of prevailing on her malicious prosecution claim.

In a malicious prosecution action under California law, "[t]he probable cause inquiry is objective, asking whether a reasonable person would have thought that the claim was legally tenable 'without regard to [her] mental state.'" Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1031 (9th Cir. 2008) (quoting Roberts v. Sentry Life Ins., 76 Cal. App. 4th 375, 382 (1999)). In conducting its objective analysis, the "court must consider both the factual circumstances established by the evidence and the legal theory upon which relief is sought." Sycamore Ridge Apartments, LLC v. Naumann, 157 Cal. App. 4th 1385, 1402 (2007). A claim will be found to lack probable cause if it "relies upon facts which [a litigant] has no reasonable cause to believe to be true, or if [it] seeks recovery upon a legal theory which is untenable." Id. Defendants need not show that they would have prevailed in the underlying action, only that filing suit was reasonable based on the facts they knew at the time.

Here, contrary to Braden's contentions, an objective analysis of Defendants' state court collection action demonstrates that a reasonable person would have thought the claim was tenable. First, it is uncontested that Braden obtained a $5,075 loan from CashCall, and agreed to repay the sum to "any subsequent holder" of the loan. Compl. ¶ 18, Exh., 2(B). It is also uncontested that Plaintiff defaulted on the loan, and that the loan was then sold to Mountain Lion and ultimately transferred to BH Financial. Id. ¶¶ 22, 31. That the loan was transferred in exchange for consideration more than once further demonstrates the reasonableness of Defendants' belief that it was collectable. Second, as set forth above, the sale and transfer of the loan did not violate California Financial Code § 22340, and did not render the loan void and unenforceable. Therefore, the claim was not objectively unreasonable as a matter of law.

7

Braden's contention that BH Financial's state court collection action lacked probable cause hinges entirely upon the allegation that the sale and transfer of the loan rendered it void and therefore unenforceable. Because the transfer did not render the loan void, probable cause did exist to bring the collection action, and Braden cannot show a reasonable probability of prevailing on her malicious prosecution claim.[8][9]

### D. Braden's Motion For Discovery Under Federal Rule of Civil Procedure 56(d)

Braden urges the Court "to allow [her] sufficient opportunity to conduct discovery or otherwise obtain and present facts essential to justify her opposition" before granting Defendants' motion. Mot. Disc. at. 1. In some cases, permitting a plaintiff to take discovery to oppose an anti-SLAPP motion is appropriate, see, e.g. Freeman v. ABC Legal Servs., 827 F. Supp. 2d 1065, 1077 (denying defendant's anti-SLAPP motion and granting plaintiff's application for rule 56(d) discovery because plaintiff's probability of success depended on disputed facts), but this is not such a case. Braden's probability of prevailing on her RFDCPA and malicious prosecution claims rests on questions of law.[10] The viability of Braden's RFDCPA claim hinges entirely upon her erroneous interpretation of California Financial Code § 22340, and likewise, Braden's contention that Defendants lacked probable

---

[8] Because the Court finds that Braden cannot show a reasonable probability of demonstrating that the state court collection action lacked probable cause, this Court need not address the first (favorable termination) and third (malice) elements of the malicious prosecution inquiry.

[9] Defendants argue in the alternative that Braden's malicious prosecution claim against individual defendant Steven Goldstein should be stricken because Goldstein was not a party to the underlying state court collection suit. Because the Court finds that Braden cannot demonstrate a probability of success on her malicious prosecution claim, the malicious prosecution claim against Goldstein is stricken, and the Court need not address the merits of Defendants' alternative argument.

[10] See, e.g., Agnir v. Gryphon Solutions, LLC, No. 12-CV-04470-LHK, 2013 WL 4082974 (N.D. Cal. Aug. 9, 2013) (granting anti-SLAPP motion and denying plaintiff's application for Rule 56(d) discovery because "the Court's anti-SLAPP ruling is premised on the legal insufficiency of Agnir's pleadings [and] further facts would not alter the Court's analysis, much less prove 'essential to justify' Agnir's opposition, as required by Rule 56(d)"); Nicosia v. De Rooy, 72 F. Supp. 2d 1093, 1111 (N.D. Cal. 1999) (denying request for discovery to respond to anti-SLAPP motion, finding that "[a]s Nicosia's allegations of malice fail to state a claim, any evidence presented to support such allegations, would not bring Nicosia any closer to establishing a prima facie case of malice").

8

cause to bring a collection action is founded in the same statutory misinterpretation. Both determinations are legal questions, the answers to which are fatal to Braden's claim. The Court can and will rule on the motion to strike at this stage of the case.[11] Accordingly, Braden's Rule 56(d) motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike Plaintiff's RFDCPA and malicious prosecution claims and DENIES Plaintiff's Motion for Discovery.

**IT IS SO ORDERED.**

Dated: October 31, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[11] See Do v. Hollins Law, P.C., No. 3:13-CV-01322-JSW, 2013 WL 4013659 (N.D. Cal. Aug. 5, 2013) (The court construed an anti-SLAPP motion as it would a motion to dismiss under Rule 12(b)(6) because the question of plaintiff's ability to prevail on his RFDCPA claim presented only legal issues. In contrast, "if a defendant challenges a plaintiff's failure to submit evidence on his or her claim, courts should treat the motion as one for summary judgment under Rule 56 and, if necessary, permit the plaintiff to conduct discovery.").